# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-31225

UNITED STATES OF AMERICA

Plaintiff–Appellee

v.

TYRONE SANTOS

Defendant–Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:08-CR-52-1

Before HIGGINBOTHAM, GARZA, and PRADO, Circuit Judges.

PRADO, Circuit Judge:

Appellant Tyrone Santos appeals his conviction for assault resulting in serious bodily injury under 18 U.S.C. § 113(a)(6). Appellant and Andre Dorsey White, both incarcerated at the federal penitentiary in Pollock, Louisiana, beat and stabbed Cashmere Cazeau, a fellow inmate. Appellant claims that the Government violated his Sixth Amendment right to confront witnesses by failing to call Cazeau as a witness at trial but admitting statements Cazeau made to Jeremy Dallas, a Bureau of Prisons nurse, about the amount of pain he was in. Appellant claims that the Government needed Cazeau's statements to prove that Cazeau suffered "serious bodily injury," which can be shown by proving "extreme

physical pain." *See* 18 U.S.C. § 1365(b). Appellant also argues that the district court erred by instructing the jury to make no inferences based on the failure to call a witness. Because Appellant's statements to the prison nurse were not testimonial and the district court correctly instructed the jury to make no inferences due to the failure to call a witness, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant was in his cell when Cazeau, his cell-mate, entered. White also entered the cell and closed the door. Appellant and White repeatedly stabbed, struck, and kicked Cazeau. Correctional officers later found a shank in a trash can. Photographs taken at the scene showed pools of blood, and photographs of Cazeau showed cuts on his arms and puncture wounds around his body. Blood covered Cazeau's clothes, and a correctional officer testified that he poured blood out of Cazeau's shoe.

After the attack, Dallas responded to render medical treatment. As part of his assessment, Dallas asked Cazeau to describe his pain on a scale of one to ten, and Cazeau responded "nine." Dallas recorded Cazeau's answer on a standardized medical assessment form and then called for pain medication. Dallas administered the pain medication and again asked about Cazeau's level of pain, to which Cazeau responded "four." Dallas also reported that Cazeau was agitated and that his clothes were "saturated" with blood. The prison sent Cazeau to a hospital for further evaluation and treatment.

The Government did not call Cazeau as a witness at trial. Appellant objected to Dallas's testimony regarding Cazeau's statement of his level of pain and Cazeau's statement that he was "cut up and stabbed"[1] on hearsay grounds and as a violation of Appellant's Sixth Amendment right to confront witnesses against him. The district court overruled Appellant's objection. At the close of

---

[1] Appellant does not appeal the admission of Cazeau's statement that he was "cut up and stabbed."

trial, the Government requested an instruction that the jury should draw no inferences from any party's failure to call a witness equally available to all parties. The district court gave the instruction over Appellant's objection because the parties had not shown that Cazeau's testimony would "elucidate facts in issue" under *United States v. Chapman*, 435 F.2d 1245, 1247 (5th Cir. 1970). The jury found Appellant guilty and sentenced him to 115 months' imprisonment, to run consecutively after completion of his current term. This appeal followed.

## II. DISCUSSION

### A. Confrontation Clause

A defendant, "[i]n all criminal prosecutions," has the right "to be confronted with the witnesses against him." U.S. CONST. amend. VI. We review Confrontation Clause challenges *de novo*, *United States v. Tirado-Tirado*, 563 F.3d 117, 122 (5th Cir. 2009) (citing *United States v. Alvarado-Valdez*, 521 F.3d 337, 341 (5th Cir. 2008)), subject to harmless error review. *Id.* (citations omitted).

The Confrontation Clause prohibits admission of "testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004). An out-of-court statement is testimonial if it was "'made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.'" *Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527, 2532 (2009) (quoting *Crawford*, 541 U.S. at 52).

We have not previously addressed whether out-of-court statements made during medical treatment are testimonial, but the Supreme Court has noted in dicta that "medical reports created for treatment purposes . . . would not be testimonial." *Id.* at 2533 n.2. The Supreme Court has held that statements

3

made to law enforcement personnel to "enable police assistance to meet an ongoing emergency" are not testimonial. *Davis v. Washington*, 547 U.S. 813, 828 (2006). In *Davis*, the Supreme Court distinguished statements made to a 911 operator—an agent for the police—during an emergency from statements made to the police after the need for emergency assistance has ended. *Id.* at 828. The Court stated that trial courts may "recognize the point at which, for Sixth Amendment purposes, statements in response to interrogations become testimonial," and may "redact or exclude the portions of any statement that have become testimonial." *Id.* at 829.

The district court instructed the jury that 18 U.S.C. § 1365 defines "serious bodily injury" as bodily injury involving (a) a substantial risk of death; (b) extreme physical pain; (c) protracted and obvious disfigurement; or (d) protracted loss or impairment of the function of a bodily member, organ, or mental faculty. Appellant claims that without Cazeau's statements, the Government showed no evidence that the assault resulted in "serious bodily injury," as required by 18 U.S.C. § 113(a)(6). Appellant argues that the failure to call Cazeau deprived him of his right to confront his accuser[2] and that Cazeau's statements were testimonial in nature because they were made to Dallas, a Bureau of Prisons employee. Appellant also argues that Cazeau may have lied about his level of pain to obtain pain medication.

Dallas's employment with the Bureau of Prisons is not determinative. As in *Davis*, Cazeau made his statements during an ongoing emergency, for the purpose of seeking a resolution to that emergency. *See Davis*, 547 U.S. at 828 (finding statements made to 911 operator non-testimonial). We do not doubt

---

[2] Appellant also argues that failing to call Cazeau in his capacity as the victim of the crime deprived him of his right to confront his accuser. Because there is no constitutional right to confront the victim of a crime, we consider these arguments as part of our *Crawford* analysis.

that some statements made to a prison nurse would be testimonial due to the nurse's dual role in providing treatment and gathering information regarding the incident, but we believe that district courts are equipped to distinguish the point after which "statements in response to questions become testimonial." *Id.*

Cazeau made the statement that his pain was a nine out of ten for medical treatment to "meet an ongoing emergency." *See id.* Dallas was not interrogating Cazeau to gather evidence for trial or prison disciplinary proceedings. Dallas asked Cazeau the question to determine whether he needed pain medication. This interpretation is bolstered by the fact that Dallas, after administering the medication, again asked Cazeau about his level of pain. Even if Cazeau lied about his level of pain to receive medication, this does not render his statements testimonial. Any witness would have concluded that Cazeau was in pain and wanted pain medication, but would not have anticipated that Cazeau's statements regarding his level of pain would be used against Appellant at a later trial. We therefore hold that statements made for the purposes of obtaining medical treatment during an ongoing emergency are not testimonial under *Crawford*.

## B. Hearsay

We review evidentiary rulings for abuse of discretion. *United States v. Clark*, 577 F.3d 273, 287 (5th Cir. 2009). Federal Rule of Evidence 803(4) allows admission of hearsay statements "made for purposes of medical diagnosis or treatment and describing . . . present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."

Appellant argues that Cazeau's statements are inadmissible hearsay because they are testimonial and were not necessary for the purpose of medical diagnosis or treatment. Appellant's argument fails for two reasons. First, whether the statements were testimonial is not part of the Rule 803(4)

determination. Second, Rule 803(4) does not require that each statement be "necessary" for medical treatment; it requires that statements be "reasonably pertinent to diagnosis or treatment." There is no question that Cazeau's statement regarding his pain was "reasonably pertinent" to treatment for that pain. The district court did not abuse its discretion by finding that Cazeau's statements fit the Rule 803(4) hearsay exception.

## C. Jury Instruction

"We review an appellant's objection to jury instructions under an abuse of discretion standard, affording the trial court substantial latitude in describing the law to the jurors." *United States v. Orji-Nwosu*, 549 F.3d 1005, 1006 (5th Cir. 2008) (internal quotation marks and citations omitted). "We consider whether the 'charge, as a whole, was a correct statement of the law and whether it clearly instructed the jurors as to the principles of the law applicable to the factual issues confronting them.'" *Id.* (quoting *United States v. Conner*, 537 F.3d 480, 486 (5th Cir. 2008)).

In *Chapman*, we held that the district court may not give an adverse inference instruction if the missing witness is "equally available" to both parties. 435 F.2d at 1247. However, we carved out an exception to this rule if one of the parties controls that witness and his testimony would elucidate facts in issue. *Id.* Appellant argues for application of the *Chapman* exception, but fails to explain why the Government controlled Cazeau or how his testimony would elucidate facts in issue. *Chapman* does not apply because Cazeau was not controlled by the Government during trial and Appellant has not shown that Cazeau's testimony would elucidate facts in issue.

The type of control contemplated in *Chapman* is not physical custody. Rather it is some sort of connection to the party, such that one would expect that the missing witness's testimony would corroborate that party's theory of the case, such as a party's employee or attorney whose legal advice was at issue.

*United States v. Wilson*, 322 F.3d 353, 363 n.14 (5th Cir. 2003) (citing *Chapman*, 435 F.2d at 1247*; Labit v. Santa Fe Marine, Inc.*, 526 F.2d 961, 962–63 (5th Cir. 1976)*; McClanahan v. United States*, 230 F.2d 919, 925 (5th Cir. 1956)); *see also United States v. Viera*, 839 F.2d 1113, 1116 (5th Cir. 1988) (considering the father of the defendant to be under defendant's control unless the father refused to testify or invoked the Fifth Amendment). Cazeau certainly did not have a relationship with the Government that would cause one to expect that he would give favorable testimony for it. On the other hand, if Appellant believed Cazeau's testimony would be beneficial to his defense, he was free to call Cazeau as a witness any time during trial. Furthermore, as the district court correctly found, Appellant has not made any showing that Cazeau's testimony would "elucidate facts in issue." *See Chapman*, 435 F.2d at 1247. Appellant has not shown that the trial court abused its discretion by instructing the jury that it should draw no inferences from any party's failure to call a witness equally available to all parties.

## III. CONCLUSION

For the reasons stated above, we AFFIRM Appellant's conviction.

AFFIRMED.