JOAN BERNARD ARMSTRONG, Chief Judge.
11This matter comes before this Court on Remand from the Supreme Court of the United States whereby the previous judgment of this Court rendered on April 30, 2009, 11 So.3d 584, writ denied, 09-1086 (La.6/5/09), 9 So.3d 877, was vacated and this Court was ordered to give “further consideration in light of Melendez-Diaz v. Massachusetts,” — U.S. -, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009).
The facts are as set forth in the original opinion of this Court, supra.
The defense summarized its argument in brief:
All of the evidence introduced at the adjudication hearing concerning each of the elements of the offense, were elicited without affording D.G.. the opportunity to cross-examine his accuser J.G.
*410 Therefore, this case turns primarily on the issue of whether the finding in the original opinion of this Court that the victim was “available” in court to testify is sufficient to satisfy the requirements of the Sixth Amendment Confrontation Clause set forth in Melendez-Diaz.
Melendez-Diaz is a drug case in which the prosecution sought to offer sworn affidavits of analysts at a state laboratory attesting that the substance they analyzed was cocaine. The defense objected based on Sixth Amendment confrontation clause grounds, arguing that the burden was on the prosecution to produce these |2witnesses. The Court found that the affidavits in question fell “within the ‘core class of testimonial statements’ ” described in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), as being “covered by the Confrontation Clause”:
As we stated in Crawford: “Most of the hearsay exceptions covered statements that by their nature were not testimonial-for example, business records or statements in furtherance of a conspiracy.” 541 U.S., at 56, 124 S.Ct. 1354, 158 L.Ed.2d 177. Business and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because-having been created for the administration of an entity’s affairs and not for the purpose of establishing or proving some fact at trial-they are not testimonial. Whether or not they qualify as business or official records, the analysts’ statements here-prepared specifically for use at petitioner’s trial-were testimony against petitioner, and the analysts were subject to confrontation under the Sixth Amendment.
Respondent asserts that we should find no Confrontation Clause violation in this case because petitioner had the ability to subpoena the analysts. But that power-whether pursuant to state law or the Compulsory Process Clause-is no substitute for the right of confrontation. Unlike the Confrontation Clause, those provisions are of no use to the defendant when the witness is unavailable or simply refuses to appear. See, e.g., Davis [v. Washington, 547 U.S., 813,] 820, 126 S.Ct. 2266, 165 L.Ed.2d 224 (“[The witness] was subpoenaed, but she did not appear at ... trial”). Converting the prosecution’s duty under the Confrontation Clause into the defendant’s privilege under state law or the Compulsory Process Clause shifts the consequences of adverse-witness no-shows from the State to the accused. More fundamentally, the Confrontation Clause imposes a burden on the prosecution to present its witnesses, not on the defendant to bring those adverse witnesses into court. Its value to the defendant is not replaced by a system in which the prosecution presents its evidence via ex parte affidavits and waits for the defendant to subpoena the affiants if he chooses.
Id., 129 S.Ct. at 2539-2540. [Emphasis added.]
|sIn our original opinion we noted that J.G. “was available at the courthouse during the hearing below.” The trial judge told defense counsel:
[J.G.] came in here and asked if he could go to lunch at 12:00, and I said he could go to lunch. He’s out there in the hallway. Whether they call him or not is immaterial to me. He’s here, and he’s available to be called.
On remand from the Supreme Court, D.G. again contends that the prosecution should have called J.G. as a witness and that D.G.’s confrontation rights were not adequately protected by merely having J.G. available in court for D.G. to call as a *411 witness. However, based on the highlighted language quoted immediately above from Melendez-Diaz we find J.G’s availability in court was sufficient and that it was not necessary for the prosecution to call him as a witness. In the instant case there was no “risk of adverse witness no-shows,” and no burden was placed on D.G. to bring J.G. into court — he was already there. Therefore, in applying the Melendez-Diaz rationale to the failure of the prosecution to call J.G. as a witness, we again find no violation of D.G.’s right of confrontation.
We also reiterate our analysis of Lowery v. Collins, 988 F.2d 1364 (5th Cir.1993), and Offor v. Scott, 72 F.3d 30 (5th Cir. 1995), which we distinguished by pointing out that the concern expressed in those cases was that the jury could be inflamed by a videotaped interview with the minor victim. The instant case juvenile case was not a jury case.
We note that Melendez-Diaz concludes with the observation that:
This case involves little more than the application of our holding in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 [(2004)]. The Sixth Amendment does not permit the prosecution to prove its case via ex parte out-of-court affidavits, and the admission of such evidence against Melendez-Diaz was error.
\Jd, 129 S.Ct. at 2542.
In addition to the Melendez-Diaz Court’s heavy reliance on Crawford as expressed in the immediately preceding quote above, we find references to Crawford throughout Melendez-Diaz. Therefore, in conducting our review on remand, we paid particular attention to Crawford as well as to Melendez-Diaz.
Of particular relevance to the case now before us where J.G. was present in court, is the statement in Crawford that: “The [Confrontation] Clause does not bar admission of a statement so long as the declar-ant is present at trial to defend or explain it.” Id., 541 U.S. at 59, 124 S.Ct. at 1369, FN 9.
Neither Melendez-Diaz nor Crawford make any mention of Lowery, and we do not believe that the Order remanding this case for reconsideration in light of Melendez-Diaz carried with it any implication that we should reconsider the position this Court took in its original opinion when we reasoned that Lowery did not apply.
The defense faults the testimony of each of the witnesses who testified, based on the State’s failure to call J.G. as a witness.
On remand, counsel for D.G. objects to the admissibility of the testimony of Dr. Benton, arguing that the “introduction of Dr. Benton’s interview with J.G., without affording D.G. the right to cross-examine J.G., violated the Confrontation Clause.” Based on our finding above that J.G. was available in court, we find no conflict between Melendez-Diaz and the previous decision of this Court on this point.
Nor does this finding conflict with United States v. Santos, 589 F.3d 759 (5th Cir.12/2/2009). In Santos the question was whether a prison nurse could testify as to statements given to her by a prisoner who had been the victim of an attack in the | strial of his attacker. The defense objected because the state had not called the victim to testify. However, there is nothing in Santos implying that the victim was available in court as J.G. was in the instant case. Moreover, the Santos court in fact allowed the nurse’s testimony, finding that the statements made to her by the victim fell under a hearsay exception as being reasonably pertinent to his medical treatment.
*412 Counsel for D.G. makes the same arguments concerning the availability of J.G. in connection with each of the other witnesses. We find that the conclusion of this Court that J.G. was present in court and available applies to each of those.
Therefore, after careful analysis of Melendez-Diaz, we find nothing therein that would mandate that this Court alter its original opinion in this matter.
For the foregoing reasons, the original decision of this Court is hereby affirmed.
AFFIRMED.