**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Calvin RAMSEY, Defendant–Appellant.**

**No. 09–60196**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 24, 2010.

Richard Terrell Starrett, David Michael Hurst, Jr., Esq., Assistant U.S. Attorney, U.S. Attorney's Office, Jackson, MS, for Plaintiff–Appellee.

Earnestine Alexander, Earnestine Alexander, P.L.L.C., Jackson, MS, for Defendant–Appellant.

Before KING, STEWART, and HAYNES, Circuit Judges.

## PER CURIAM: *

Dr. Calvin Ramsey appeals his conviction after a jury trial for filing false tax returns for the years 2000 and 2001. The district court sentenced him to two 27–month prison terms—one for each count he was convicted of—to be served concurrently.

■ When Ramsey filed his brief in this court, he also submitted a report of a forensic document examiner concluding that Ramsey did not personally sign his 1999 tax return, which was admitted at trial for purposes of showing intent, knowledge, and lack of mistake related to the filing of the false 2000 and 2001 returns. The Government successfully moved to strike the report, arguing that it was not part of the record before the district court. Ramsey has now moved to reconsider and to supplement the record with this report. We review judgments on the basis of the record before the district court and will not ordinarily expand the record to consider evidence that was not submitted below. *See McIntosh v. Partridge*, 540 F.3d 315, 327 (5th Cir.2008); Fed R. App. P. 10(a). At trial, Ramsey admitted that he signed the 1999 return, and, even now, he does not disavow that he knew its contents when it was submitted it to the IRS. Thus, Ramsey has not provided a sufficient basis to depart from our general rule here.

■ Next, we consider Ramsey's challenges to his conviction. He first argues that an IRS agent provided "incorrect" testimony that Ramsey signed the 1999 tax return. However, Ramsey points to no evidence in the record that the signature was not his. *See* 26 U.S.C. § 6064 (explaining that an individual's name signed on a tax return is prima facie evidence that he actually signed the return). Indeed, Ramsey testified at trial that he signed the 1999 return. Thus, the record does not support Ramsey's contention that the IRS agent's testimony was incorrect, much less that its admission was reversible error. *Cf. United States v. Haese*, 162 F.3d 359, 365 (5th Cir.1998) (explaining that to obtain a reversal based on false testimony, the defendant must show that the prosecution knowingly put forward false testimony that was material).

Ramsey also argues that, with the accuracy of the agent's testimony about the signature in doubt, the evidence was insufficient to convict him. The premise of his argument—that the testimony indeed was inaccurate—is not supported in the record, and thus this argument, too, fails.

■ Ramsey then contends that IRS records related to his 1999 tax return should have been excluded under Fed. R. Evid. 408 as evidence relating to an offer to compromise made during negotiations between Ramsey and the IRS to settle the assessed tax liability for that year. Ramsey did not object to this evidence on the basis of Rule 408; thus, our review is for plain error. *See United States v. Smith*, 354 F.3d 390, 396 n. 7 (5th Cir.2003).

■ Rule 408 does not apply here. That rule prohibits the introduction of evidence of settlement negotiations "offered to prove liability for, invalidity of, or amount of a claim that was disputed as to

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

validity or amount, or to impeach through a prior inconsistent statement or contradiction," but expressly permits the introduction of evidence offered for other, permissible purposes. FED. R. EVID. 408(a), (b); *see Ikossi–Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 551 (5th Cir.2009), *cert. denied,* —— U.S. ——, 130 S.Ct. 1285, —— L.Ed.2d —— (2010). Here, the IRS records were not admitted for a prohibited purpose; rather, they was admitted to prove intent, knowledge, and the absence of mistake, *see* FED. R. EVID. 404(b). Moreover, the IRS records do not suggest, and Ramsey points to no evidence to suggest, that the amounts of the tax assessments and penalties reflected in the records were the result of settlement negotiations rather than the IRS's independent determination of Ramsey's liability.

Ramsey next argues that the district court violated the Confrontation Clause in allowing into evidence out-of-court statements made by his tax preparer. Ramsey's tax preparer died before the start of trial, and the district court granted Ramsey's motion to exclude evidence of the tax preparer's statements. Ramsey contends that nonetheless, two Government witnesses were permitted to testify regarding the tax preparer's out-of-court statements.

■ First, Ramsey takes issue with the following testimony, put forward by an IRS agent who investigated Ramsey's 1999 tax return: "He told me Dr. Ramsey provided a statement to his tax preparer and on that statement was a piece of paper and he—Dr. Ramsey listed income and expenses." At trial, Ramsey did not object to this testimony, so we review for plain error. *See United States v. Acosta*, 475 F.3d 677, 680 (5th Cir.2007). Although the statement Ramsey points to is ambiguous in isolation, when taken in context, it is evident that the testimony referenced comments made by Ramsey, not the tax preparer. Thus, there was no plain error in admitting it.

■ Second, Ramsey challenges the admission of testimony of a different IRS agent. On cross-examination regarding the agent's knowledge of the information that Ramsey provided to his tax preparer, the agent referenced the tax preparer's statement.[1] This testimony came in the context of and was responsive to an effort by defense counsel to establish that the agent had no basis for her knowledge of what the tax preparer received. Defense counsel did not object to this remark. In a later discussion outside of the jury's presence, defense counsel did not mention, much less object to, the comment that is the basis for the argument on appeal. Thus, our review is for plain error. *See id.* Nonetheless, Ramsey's argument fails even if the plain-error standard did not apply because there was no reasonable possibility that this testimony might have contributed to the conviction, and thus its admission, if error, was harmless. *United States v. Santos*, 589 F.3d 759, 762 (5th Cir.2009), *cert. denied,* —— U.S. ——, 130 S.Ct. 2365, 176 L.Ed.2d 573 (2010); *United States v. Alvarado–Valdez*, 521 F.3d 337, 341 (5th Cir.2008).

1. "Q: The truth is you don't know what information Mr. Fulgham [Ramsey's now-deceased tax preparer] had when he prepared those tax returns in 2000? A: I know what Dr. Ramsey told me he had, sir. Q: You know what part of the information he had. You don't know what all information Mr. Fulgham had when he prepared the returns, do you? A: I know what Dr. Ramsey told me that he provided to him. Q: Please answer the question. A: I thought that I was. Q: I want a yes or no answer. Do you know what Mr. Fulgham had when he prepared the return? A: "I know what Dr. Ramsey told me he had. Mr. Winfred Fulgham was there. And he agreed that that was what he was provided also. . . ." The last sentence is the challenged testimony.

The Government did not rely on any statements made by the tax preparer in establishing any element of the offense. Although the Government recounted in its closing argument that the agent testified, "I met with the tax preparer and I looked at those work papers," the Government made no reference to anything the tax preparer said. *Cf. United States v. Tirado–Tirado,* 563 F.3d 117, 126 (5th Cir. 2009) (concluding that erroneous admission of videotaped deposition was not harmless where the Government relied on the testimony to establish an element of the offense); *Alvarado–Valdez,* 521 F.3d at 341 (concluding that the erroneous admission of testimony was not harmless because the Government heavily relied on it during closing argument). Moreover, the other evidence, unrelated to the tax preparer's statement, including evidence that Ramsey failed to disclose bank accounts from the Government and his bookkeepers, that he underreported his income by hundreds of thousands of dollars, and that he provided his tax preparer incomplete information about his income, was more than sufficient to convict Ramsey. In this context, a single vague reference (which was invited by the defense counsel's questioning) that the tax preparer confirmed Ramsey's description of the general types of documents that Ramsey provided to the tax preparer could not have contributed to the jury's verdict.

█ Ramsey next argues that the IRS's civil investigation violated his right against self-incrimination, alleging without citation to the record that IRS agents improperly met with his tax preparer without notifying Ramsey, persuaded the tax preparer to turn over evidence, and threatened the tax preparer with prosecution if he failed to cooperate. Ramsey, however, does not point to any trial errors that resulted from the investigation. Because Ramsey does not support his argument with citations to

the record or relevant law, he has failed to brief it adequately, and thus we decline to consider it. *See United States v. Stalnaker,* 571 F.3d 428, 439–40 (5th Cir.2009); *United States v. Delgado–Martinez,* 564 F.3d 750, 752 (5th Cir.2009).

█ Finally, Ramsey challenges the indictment, arguing for the first time that it did not vest the district court with jurisdiction because, he asserts, it was not returned in open court as Fed. R. Crim. P. 6(f) requires. Though he contends that the "the records and files clearly demonstrate" that the indictment was not returned in open court, he offers no citation to the record to support this assertion. Unsupported allegations are inadequate bases for an argument on appeal; thus, Ramsey has abandoned the issue of the sufficiency of the indictment. *See United States v. Cothran,* 302 F.3d 279, 286 n. 7 (5th Cir.2002); *Koch v. Puckett,* 907 F.2d 524, 530 (5th Cir.1990).

The judgment of the district court is AFFIRMED. Ramsey's motion for reconsideration and to supplement the record is DENIED.