# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-11230
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 14, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ESMERVI CARONE RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:18-CR-128-1

Before BARKSDALE, GRAVES, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Esmervi Carone Rodriguez appeals his conviction for possession of, with intent to distribute, 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). Each of the four issues presented on appeal fail.

A law-enforcement officer pulled over Rodriguez while he was driving on Interstate 40 for violating Texas Transportation Code § 545.062(a), which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prohibits drivers from following too closely behind other vehicles. During the course of the traffic stop, Rodriguez consented to a search of his vehicle, where law-enforcement officers ultimately discovered 30 bundles of methamphetamine in the rear-quarter panels of his vehicle.

Rodriguez first asserts the district court erred in denying his motion to suppress all statements and evidence from the traffic stop that led to his arrest. Rodriguez contends that the officer did not have a reasonable suspicion to initiate a stop of his vehicle for driving too closely in violation of § 545.062(a).

In reviewing a district court's denial of a motion to suppress, our court reviews the court's factual findings for clear error and its legal conclusions *de novo*. *E.g.*, *United States v. Lopez-Moreno*, 420 F.3d 420, 429 (5th Cir. 2005) (internal citation omitted). "For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred, or is about to occur, before stopping the vehicle." *Id.* at 430. If the officer "can point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the search and seizure, the intrusion is lawful". *United States v. Santiago*, 310 F.3d 336, 340 (5th Cir. 2002) (internal quotation marks and alterations omitted).

The officer, who testified at the suppression hearing, provided specific, articulable facts in support of his reasonable suspicion that Rodriguez was committing the traffic violation of following too closely. Therefore, the court did not err in concluding that the stop was justified at its inception and in denying the motion to suppress. *See Santiago*, 310 F.3d at 340; *see also United States v. Inocencio*, 40 F.3d 716, 727–28 (5th Cir. 1994).

Rodriguez next asserts the admission of certain testimony at trial was in error because it constituted improper drug-courier-profile evidence. *See*

*United States v. Gonzalez-Rodriguez*, 621 F.3d 354, 363 (5th Cir. 2010). The district court's decision to admit or exclude evidence is reviewed for abuse of discretion. *United States v. Gutierrez-Farias*, 294 F.3d 657, 662 (5th Cir. 2002). "A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *United States v. Kinchen*, 729 F.3d 466, 470–71 (5th Cir. 2013) (internal quotation marks and citation omitted). If our court concludes that the district court abused its discretion in admitting evidence, we next review for harmless error. *Id.* at 471. When a jury hears information unfairly prejudicial to a defendant, "[r]eversal is not required unless there is a reasonable possibility that the improperly admitted evidence contributed to the conviction". *United States v. Flores*, 640 F.3d 638, 643 (5th Cir. 2011) (internal quotation marks and citation omitted). "When other evidence of guilt is overwhelming, and the error would not have substantially influenced the jury's verdict, the error is harmless." *United States v. Hawley*, 516 F.3d 264, 268 (5th Cir. 2008).

It is not necessary to resolve whether this evidence was erroneously admitted. Given the evidence presented to the jury—such as the inconsistencies in Rodriguez' story; the implausibility of his story that he traveled 1700 miles to have his vehicle repaired and yet did not have the contact information for the person who sold him the vehicle, did not speak to that person after arriving in Arizona, and decided not to have his vehicle repaired; Rodriguez' nervousness throughout the entirety of the traffic stop; and the lack of any reaction on his part after the methamphetamine was discovered—and even assuming error in the admission of any drug-profile testimony, the error was harmless. *See Hawley*, 516 F.3d at 268.

Next, Rodriguez asserts the court erred by failing to give his requested jury instruction regarding aiding and abetting. A jury instruction is reviewed

for abuse of discretion, affording substantial latitude to the district court in describing the law to the jury. *United States v. Santos*, 589 F.3d 759, 764 (5th Cir. 2009). A district court does not err by giving a charge that tracks our circuit's pattern jury instructions and is a proper statement of the law. *United States v. Whitfield*, 590 F.3d 325, 354 (5th Cir. 2009). The given aiding-and-abetting instruction closely mirrors our court's pattern jury instructions and is a correct statement of the law. *See* 5TH CIR. PATTERN CRIM. JURY INSTR. 2.04. Consequently, Rodriguez has failed to demonstrate the court abused its discretion when it refused his requested jury instruction. *See Whitfield*, 590 F.3d at 354.

Finally, Rodriguez asserts the court erred by refusing to provide a spoliation instruction regarding a socket wrench that was discovered in Rodriguez' vehicle during the traffic stop but was lost after the stop. A district court's denial of a spoliation jury instruction is reviewed for abuse of discretion. *United States v. Valas*, 822 F.3d 228, 239 (5th Cir. 2016). "Spoliation of evidence is the destruction or the significant and meaningful alteration of evidence." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) (internal quotation marks and citation omitted). An adverse inference against the spoliator is permitted only upon "a showing of 'bad faith' or 'bad conduct'". *Id.* (internal citation omitted). For a spoliation claim, bad faith "generally means destruction for the purpose of hiding *adverse* evidence". *Id.* (emphasis added).

Rodriguez failed to allege, much less establish, that law-enforcement officers engaged in bad-faith conduct for the purpose of hiding adverse evidence. The court, therefore, did not abuse its discretion by refusing the instruction. *See id.*

AFFIRMED.