# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 19, 2021

Lyle W. Cayce
Clerk

No. 19-11263
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MICHAEL WEBB,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-196-1

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

A jury convicted Michael Webb of kidnapping in violation of 18 U.S.C. § 1201(a)(1) and (g), and he was sentenced within the guidelines range to life imprisonment. The details of the events surrounding Webb's abduction of the eight-year-old victim, the hours-long search that ensued, and the rescue

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-11263

of the child from the hotel room where Webb had sexually assaulted her are not recited here.

On appeal, Webb challenges the district court's denial of his motion to suppress his in-custody confession and its denial of his motion to dismiss the indictment on the ground that § 1201(a)(1) exceeds Congress's powers under the Commerce Clause. He also seeks to preserve for further review his challenge to the district court's jury instructions on the interstate nexus element.

With respect to the suppression motion, Webb argues that his confession was involuntary because he was threatened at gunpoint by an officer at the hotel during his apprehension, and he was kept in a "vulnerable state," that is, unclothed, until his arrival at the Fort Worth Police Department (FWPD) facility, where he subsequently confessed. He also argues that because he was "sleep-deprived or in some altered state of consciousness" during the interview with law enforcement agents, he could not have voluntarily waived his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).

"When reviewing a denial of a motion to suppress evidence, this Court reviews factual findings for clear error and the ultimate constitutionality of law enforcement action de novo." *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014). We view the evidence viewed in the light most favorable to the prevailing party, and "the clearly erroneous standard is particularly strong" where the district court's ruling is based on live oral testimony, as in this case. *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (internal quotation marks and citation omitted). We review de novo the district court's conclusion that the defendant's confession was voluntary and also the ultimate question of the *Miranda* waiver's validity. *See United States v. Cardenas*, 410 F.3d 287, 292 (5th Cir. 2020).

There is no dispute that immediately after Webb's apprehension, as Webb was lying on the floor of the hotel hallway, one of the officers told Webb in a low voice, "Give me one G-d damn reason I shouldn't waste you right now, bro." At issue is whether Webb's subsequent confession, an hour or so later while in custody at the FWPD facility, was rendered involuntary as a result of that officer's conduct. We note that Webb does not allege, nor is there any evidence, that the officer who made the threatening statement drove him to the FWPD facility, was present at the facility, or had any further contact with him that morning.

Even if the officer's statement is construed as a threat and even if Webb may have felt vulnerable because he was unclothed during the drive to the FWPD facility, Webb's subsequent confession was not the product of coercion or intimidation in light of the totality of the circumstances. *See Cardenas*, 410 F.3d at 293. Accordingly, the district court did not err by concluding that Webb's confession was voluntary. *See id.*; *United States v. Bell*, 367 F.3d 452, 461 (5th Cir. 2004).

The district court also did not err by determining that Webb knowingly and intelligently waived his *Miranda* rights. The record reflects that before, during, and after *Miranda* warnings were given, Webb was oriented, aware, provided appropriate responses to questions, engaged in dialogue, and clearly expressed his desire to talk to his interviewers. Further, there is no evidence suggesting that Webb's desire to talk to his interviewers was the result of any trickery or deceitful conduct. *See Soffar v. Cockrell*, 300 F.3d 588, 596 (5th Cir. 2002). Thus, Webb's waiver was made with "a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Cardenas*, 410 F.3d at 293 (internal quotation marks and citation omitted). Because the confession was the result of a free and rational choice and was not the product of intimidation, threats, or deception, such that the admission of Webb's

confession was not erroneous, *see id.*; *Bell*, 367 F.3d at 461, we need not address Webb's argument that the admission of the confession was not harmless.

As for his challenge to the kidnapping statute, Webb argues that section 1201(a)(1), as amended in 2006, is unconstitutional because it greatly expands the scope of federal jurisdiction and exceeds Congress's power under the Commerce Clause. In 2006, section 1201(a)(1) was broadened to include intrastate activity if the offender uses "any . . . instrumentality of interstate . . . commerce in committing or in furtherance of the commission of the offense." Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, § 213, 120 Stat. 587, 616 (codified at § 1201(a)(1)).

The crux of Webb's argument is that his kidnapping offense should not be punished as a federal offense because it took place within an eight-mile region within one Texas county, notwithstanding that there was evidence that one or more instrumentalities of interstate commerce were used in furtherance of the intrastate kidnapping offense. *See United States v. Marek*, 238 F.3d 310, 318-19 & n.35 (5th Cir. 2001) (en banc) (noting that the interstate nexus requirement for federal crimes is satisfied by the wholly intrastate use of a telephone); *United States v. Phea*, 755 F.3d 255, 266 (5th Cir. 2014) (recognizing that "the Internet, and hotels that service interstate travelers are [also] means or facilities of interstate commerce sufficient to establish the requisite interstate nexus"). We review de novo the district court's denial of the motion to dismiss the indictment, and we find no error. *See United States v. Arrieta*, 862 F.3d 512, 514 (5th Cir. 2017); *United States v. Clark*, 582 F.3d 607, 612 (5th Cir. 2009).

We uphold the jury instructions on the interstate nexus in light of *Phea*, 755 F.3d at 266. Webb also has failed to show that the district court abused its discretion in instructing the jury that it must be convinced that the

No. 19-11263

Government proved beyond a reasonable doubt that Webb "used any means, facility or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense" and that the Internet, cell phones, and a hotel that services interstate travelers are each means or facilities of interstate commerce. *See United States v. Santos*, 589 F.3d 759, 764 (5th Cir. 2009); *see also* Fifth Circuit Pattern Jury Instructions (Criminal) § 2.54 (Pattern Instruction 2.54); *Marek*, 238 F.3d at 318-19 & n.35; *Phea*, 755 F.3d at 266. The instruction was a correct statement of the law and was supported by evidence showing that Webb used his cell phone to access Google Maps and that the hotel where Webb held the victim caters to interstate travelers.

The judgment of the district court is AFFIRMED.